101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Milagros QUINTANA, a/k/a Milagros Echavvaria, Plaintiff-Appellant,
v.
MEDICAL RESEARCH ASSOCIATES, P.C., Robert Nathan Belkin,
M.D., P.C., Mary S. Martin, and Westchester County
Medical Center, Defendants-Appellees.
 No. 95-9193.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT:Milagros Quintana, Beacon, New York, pro se.
 APPEARING FOR APPELLEES:Andrew A. Peterson, Jackson, Lewis, Schnitzler & Krupman, White Plains, New York, for Medical Research Associates, P.C.
 John Paul Robbins, McLaughlin & Stern, LLP, New York, New York, for Robert Nathan Belnick.
 Annette Hasapidis-Marshall, Assistant County Attorney, White Plains, New York, for Mary S. Martin and Westchester County Medical Center.
 Before VANGRAAFEILAND, MAHONEY, and WALKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of the record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiff-appellant Milagros Quintana appeals pro se from a judgment entered September 30, 1995 in the United States District Court for the Southern District of New York that granted defendants-appellees' motion for summary judgment and dismissed her complaint. Quintana alleged violations of Title VII, the Americans with Disabilities Act, and the First Amendment freedoms of speech, press, and religion, and also asserted common law claims based upon defamation, invasion of privacy, harassment, psychological assessment without permission, stress, mental anguish, and sexual harassment.
 
 
 4
 2. We affirm the dismissal of Quintana's claims substantially for the reasons stated in the opinion of the district court. See Quintana v. Medical Research Associates, P.C., No. 94 Civ. 973(DC), slip op. (S.D.N.Y. Sept. 22, 1995). Quintana primarily argues on appeal that summary judgment should not have been granted on her Title VII discriminatory discharge claim because she established that her employer exaggerated the extent of her misconduct in terminating her employment, thereby suggesting a discriminatory animus. The district court properly found, however, that any disputed facts were not material to its conclusion that Quintana's employer had legitimate, nondiscriminatory reasons for terminating her that Quintana did not rebut. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. denied, 474 U.S. 829 (1985).